NO. 07-06-0222-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 31, 2008

_____

IN THE MATTER OF THE MARRIAGE OF

NANCY J. KLEIN AND W. MIKE KLEIN

_____

FROM THE COUNTY COURT AT LAW NO. 2  OF LUBBOCK COUNTY;

NO. 2001-514,023; HONORABLE DRUE FARMER, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

Contrary to the position taken by the majority, I would sustain Mike's first issue, reverse that portion of the Modified Order of Enforcement that awarded Nancy recovery of $2,239.91, together with prejudgment interest, for sums paid for seasonal bedding plants planted at the marital residence in June 2003, and render judgment that Nancy take nothing by her claim as to that issue.

As noted by the majority, the temporary orders gave Nancy exclusive possession of the marital residence and obligated Mike to pay certain household expenses, including "normal weekly lawn maintenance." Under the plain meaning concept of contract construction, normal *weekly lawn maintenance* is not the same thing as specially planted seasonal flowers. However, Nancy contends, and the majority agrees, that the obligation to plant seasonal flowers was not an obligation "incurred solely by [her] . . . incurred [after] May 27, 2001." Nancy reasons that because the service was performed pursuant to a "standing order" it was incurred jointly, and was thus Mike's obligation. This argument, however, ignores the fact that the work would not have been performed if she had not scheduled the work and instructed the workers to complete the job. Nancy had exclusive possession of the residence and was in control of any decision to incur an obligation not expressly covered by the terms of the temporary order. Because I believe the obligation was incurred solely by Nancy, and because I believe that it was not an obligation expressly assumed by Mike (i.e. it was not weekly lawn maintenance), I would sustain Mike's first issue, reverse the judgment of the trial court and render judgment that Nancy take nothing by her claim as to that issue. In all other respects, I concur with the majority.

Patrick A. Pirtle
Justice

2